**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30113 |
| Plaintiff-Appellee, | D.C. Nos. 3:18-cr-00069-JO-1 |
| v. | 3:18-cr-00069-JO |
| REUBEN JAMES MANDISH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted December 14, 2021
Portland, Oregon

Before: W. FLETCHER, IKUTA, and BRESS, Circuit Judges.
Dissent by Judge W. FLETCHER.

Reuben James Mandish appeals the district court's March 21, 2020 amended

restitution order, which imposed an additional $12,000 of restitution under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Although due to the government's oversight the district court missed the 90-day deadline prescribed by 18 U.S.C. § 3664(d)(5) for imposing restitution after sentencing, it retained the power to order additional restitution. *Dolan v. United States*, 560 U.S. 605, 611 (2010). At the sentencing hearing, the district court stated that it would impose $3,000 in restitution and hold open the restitution order for 90 days to add further restitution amounts for additional victims. It further stated that it "want[ed] to make clear" that Mandish was "willing to have a deference of 90 days for further restitution evaluation." In addition, the district court's judgment stated that the "determination of restitution is deferred for 90 days," and that "[a]n Amended Judgment in a Criminal Case will be entered after such determination." We have held that when the district court states at sentencing that "the defendant is going to be compelled to assist to pay for certain enumerat[ed] victim restitution matters," and that the government's motion for restitution "will be filed and the government is given leave to file that within the appropriate statutory time," the district court's statements "made clear to the

_____

[1]Although Mandish signed an appeal waiver waiving his right to appeal his sentence, the government has waived the appeal waiver.

parties, before the deadline expired, that it would order restitution; accordingly, the court retain[ed] the power to order restitution." *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010) (cleaned up). We see no material difference between the substance of the notice in this case and the notice in *Fu Sheng Kuo*.[2] Accordingly, the district court's clear expression of the court's "inclusion of restitution as a part of the pronouncement of sentence," *id.* at 1162–63, is sufficient to make "clear prior to the deadline's expiration that [the court] would order restitution," *Dolan*, 560 U.S. at 608, and the district court here had authority to order restitution.

Nor was Mandish prejudiced by the district court's failure to indicate on Mandish's August 9, 2019 written judgment form that Mandish would be required to "make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution." Mandish was already on sufficient notice that additional restitution would be awarded, *see Fu Sheng Kuo*, 620 F.3d at 1163, and an "oral pronouncement of sentence, ordering restitution, is controlling"

---

[2] There is no doubt that Mandish understood that additional restitution would be imposed. At oral argument, Mandish's counsel confirmed that Mandish was on notice and understood that more restitution would be ordered, because he informed the court that Mandish was saving money to pay "potential additional restitution" and only stopped after the 90-day deadline had elapsed.

notwithstanding that the written judgment failed to reflect "that restitution was ordered and that the amount would be determined at a later time," *id.*

**AFFIRMED.**

*United States v. Reuben James Mandish*, No. 20-30113

W. Fletcher, Circuit Judge, dissenting:

I respectfully dissent. In my view, the district judge did not provide timely notice to Mandish under 18 U.S.C. § 3664(d)(5) that additional restitution would be imposed after the expiration of the statutory 90-day deadline.

Under *Dolan v. United States*, 560 U.S. 605, 607 (2010), "a sentencing court that misses the 90-day deadline nonetheless retains the power to order restitution—at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." In *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1163 (9th Cir. 2010), we applied *Dolan* to hold that the district court retained jurisdiction to order restitution by "plainly express[ing] its inclusion of restitution as a part of the pronouncement of sentence, which occurred before the statutory deadline expired." In *Kuo*, the district court stated before the expiration of the 90-day deadline that "the defendant is going to be compelled to assist to pay for certain enumerat[ed] victim restitution matters." *Id.* The sentencing judge in both *Dolan* and *Kuo* thus made clear before the expiration of the 90-day deadline that the amount of restitution would be determined later.

Here, by contrast, the district court did not provide notice to Mandish before

1

the expiration of the 90-day deadline that he would have to pay additional restitution. Instead, when the government asked that "restitution for the remaining victims be held open *for the 90 days*" (emphasis added), the court responded, "It will." Then, after the expiration of the specified 90 days, the district court granted restitution of an additional $12,000 to additional victims. Because the district court failed to provide notice to Mandish during the 90-day period that it would award additional restitution, it did not have the authority under § 3664(d)(5) to do so.

I would vacate the order imposing additional restitution.

2